IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2811C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM REGARDING MOTION TO DISMISS

Pursuant to this Court's February 20, 2004 order, Defendant, the United States, respectfully submits this memorandum identifying possible bases for a motion to dismiss the complaint. Our response to the complaint is currently due on or before March 11, 2004.

The complaint, filed December 11, 2003, asserts simple facts. The United States entered into a contract with Tri-Gems Builders Inc. ("Tri-Gems"). Compl. ¶ 7. United States Fire Ins. Co. provided performance and payment bonds to Tri-Gems. Compl. ¶ 8. While Tri-Gems was performing the contract, the United States allegedly paid Tri-Gems too much money. Compl. ¶ 11. Ultimately, the United States defaulted Tri-Gems. Compl. ¶ 12. The United States notified United States Fire Ins. Co. of the termination and eventually the United States and United States Fire Ins. Co. entered into a takeover agreement. Compl. ¶¶ 12, 16.

The gravamen of the complaint is that the United States harmed the plaintiff when the United States paid Tri-Gems too

much money. See Compl. ¶¶ 17, 18, 21, 25, 26. A dispositive motion can produce a Court decision as to whether the United States owed any obligations to United States Fire Ins. Co.

The complaint does not assert clearly the basis for the Government's obligation, if any, to United States Fire Ins. Co. The complaint contains two counts. In count two, the complaint asserts some kind of tort. See Compl. ¶¶ 24 ("common law duties"), 25 ("breach its duty of care"). This Court does not possess jurisdiction to entertain claims sounding in tort. 28 U.S.C. § 1491. Accordingly, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), the United States intends to file a motion to dismiss for lack of subject matter jurisdiction.

Count one, admittedly, is more complicated than count two. Nevertheless, count one is subject to a motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6).

We interpret count one as asserting a cause of action based in equitable subrogation. Although count one asserts that the United States breached certain contractual obligations (see Compl. ¶¶ 11, 21), the contract establishing these obligations is the contract between the United States and Tri-Gems. Absent a takeover agreement, a surety lacks contractual privity with the United States. Fireman's Fund Ins. Co. v. United States, 909 F.2d 495, 500 (Fed. Cir. 1990) (a surety "is neither the intended

third-party, nor the direct, beneficiary" of the bonded contract).

The leading case regarding the Government's potential liability to sureties is Insurance Co. of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) ("ICW"). ICW holds that this Court possesses jurisdiction to entertain some claims brought by sureties against the United States. This holding, however, established a new jurisdictional basis for these lawsuits. ICW rejected a theory — ostensibly based upon Prairie State Bank v. United States, 164 U.S. 227 (1896); Henningsen v. United States Fidelity & Guar. Co., 208 U.S. 404 (1908); Pearlman v. Reliance Ins. Co., 371 U.S. 132 (1962) — that the United States waived its sovereign immunity for lawsuits brought pursuant to the doctrine of equitable subrogation. ICW, 243 F.3d at 1372.

Rather than holding that the United States waived its sovereign immunity for cases brought under the doctrine of equitable subrogation, the Federal Circuit relied upon the Tucker Act. According to ICW, the general waiver of sovereign immunity extends to entities who receive an assignment.[1] Id., at 1374-75. Viewing sureties as an assignee differs from considering sureties as independently possessing a right to sue the United States

[1] Some assignments could be barred by the Anti-Assignment Act. However, that restriction does not appear to be relevant to this case.

pursuant to the doctrine of equitable subrogation. Under the common law, "the assignee of a claim step[s] into the shoes of the assignor for all purposes: 'an assignment transfers to the assignee the same right held by the assignor, with its advantages and disadvantages.'" Id. at 1374 (citing *Restatement (Second) of Contracts* § 340 cmt. a).

Consequently, the rights of United States Fire Ins. Co. match the rights of Tri-Gems, its assignor. Here, Tri-Gems was not harmed by the payment of money to it. Because Tri-Gems could not assert a breach of contract for its receipt of advance payments, the same claim cannot be asserted by United States Fire Ins. Co.

We recognize that in National Surety Corp. v. United States, 118 F.3d 1542, 1547 (Fed. Cir. 1997), the court ruled that the United States can be liable to a surety for failing to withhold retainage from the prime contractor. The validity of National Surety, however, is questionable because of the more recent decisions in Department of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999), and ICW.

The foundation for National Surety is the doctrine of equitable subrogation. There, the court stated, "The Court of Claims . . . has long recognized the surety's right to subrogation in the security held by the government. E.g., Continental Cas. Co. v. United States, 145 Ct. Cl. 99, 169

F.Supp. 945 (1959). The subrogation right is equitable, in origin and in implementation." National Surety, 118 F.3d at 1546.

After the decisions in Blue Fox and ICW, National Surety cannot stand as originally decided. Continental Casualty, the case relied upon by National Surety, cites three decisions. Continental Cas. Co., 145 Ct. Cl. at 103, 169 F.Supp. at 947. However, ICW explicitly repudiated two decisions: National Surety Corporation v. United States, 132 Ct. Cl. 724, 133 F.Supp. 381 (1995); and Royal Indemnity Co. v. United States, 177 Ct. Cl. 736, 93 F.Supp. 891 (1950). ICW at 1372 n. 1. (The third decision, Hadden v. United States, 132 Ct. Cl. 529, 531 (1955), relied in turn upon Royal Indemnity.)

As quoted above, National Surety also states that the origin of equitable subrogation is equity. Clearly, ICW rejected an equitable basis for the waiver of sovereign immunity, in favor of a contractual (assignment) basis. This approach complies with the Tucker Act, as interpreted by ICW, which waives sovereign immunity for cases based in contract. 28 U.S.C. § 1491.

We also recognize that this Court ruled, after remand in Insurance Co. of the West v. United States, that the government, after "it received notice of [the prime contractor's] default, became a stakeholder in contract funds." Insurance Co. of the West v. United States, 55 Fed. Cl. 529, 539 (2003) ("ICW II").

The Court, thereafter, analyzed whether the Air Force breached its duty as a stakeholder and determined that this issue was not resolvable as part of a motion for summary judgment. ICW II at 542.

We respectfully submit that ICW II was decided wrongly. Although the Court determined that the Air Force became a stakeholder, who owes a duty to the surety, the Court failed to explain how this ruling comports with the Federal Circuit's decision in ICW. The Federal Circuit stated that assignees, including sureties, receive the "same rights" as the assignors. We respectfully submit that ICW II awarded the surety more rights than those possessed by its assignor, and therefore, was wrongly decided.

For these reasons, we respectfully request that the United States be permitted to file a motion to dismiss Count One for failure to state a claim. Whether the United States has any liability to United States Fire Ins. Co. turns on legal points, not facts that could be developed through discovery. (The motion to dismiss would also challenge whether the United States is obligated to pay attorneys' fees and consulting fees as asserted in Compl. ¶ 20.)

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

MAJOR GRAEME S. HENDERSON
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard, Suite 606
Arlington, VA 22209-2403

March 11, 2004