**DREIFUSS, BONACCI & PARKER, LLP**
26 Columbia Turnpike
Florham Park, New Jersey 07932
Phone (973) 514-1414
Fax (973) 514-5959
*Attorneys for Plaintiff United States Fire Insurance Company*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 03-2811C<br>(Judge Horn) |

## AMENDED COMPLAINT

Plaintiff, United States Fire Insurance Company (hereinafter "U.S. Fire Insurance Company"), by way of Complaint as against Defendant, The United States Air Force (hereinafter "U.S. Air Force"), alleges and says:

1. Plaintiff, U.S. Fire Insurance Company, is a New Jersey corporation with principal offices now located in Princeton, New Jersey.

2. Defendant, U.S. Air Force, is a government agency with offices at 305th Contracting Squadron, 2402 Vandenberg Avenue, McGuire Air Force Base, New Jersey 08641.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491.

4. This venue is appropriate pursuant to 28 U.S.C. § 1491, which allows for federal government contractors to sue the federal government for breach of contract.

**FIRST COUNT**

5. U.S. Fire Insurance Company is in the business of, amongst other things, providing surety bonds at the request of construction companies.

6. The U.S. Air Force solicited bids to perform construction work at McGuire Air Force Base in New Jersey on a project referred to as "Replace Overhead Power Distribution" (hereinafter "project").

7. Tri-Gems Builders Inc. (hereinafter "Tri-Gems"), a construction company, responded and was awarded a contract in the amount of $1,202,800.00 to perform the construction work on the project (hereinafter "the contract"). This amount was adjusted by change order to a "not to exceed" price of $1,484,196.00.

8. U.S. Fire Insurance Company issued the required performance and payment bonds on behalf of Tri-Gems.

9. The U.S. Air Force's contract with Tri-Gems called for progress payments to be made based upon the amount of work completed in compliance with the contract documents.

10. Over the course of at least one year, the U.S. Air Force paid Tri-Gems numerous payments for work invoices submitted by Tri-Gems. The U.S. Air Force did not, as set forth in the contract, limit payment to amounts attributable to completed work and/or work completed in accordance with the contract.

11. On or about February 24, 1999, the U.S. Air Force declared Tri- Gems in default of its obligations under the contract and called upon U.S. Fire Insurance Company to complete the project. As of that time, the Air Force had paid Tri Gems $1,285,429.39.

12. The U.S. Air Force's own inspector admitted that Tri-Gems was, as of the date of termination, substantially overpaid. (*See* attached **Exhibit A).**

13. U.S. Fire Insurance Company immediately investigated the matter of Tri-Gems default and the work remaining on the project. U.S. Fire Insurance Company thereafter solicited bids for completion of the work, while, at all times, reserving its rights including its rights as to overpayment.

14. U.S. Fire Insurance Company entered into a Takeover Agreement and Reservation of Rights with the U.S. Air Force (a copy of which is annexed hereto as **Exhibit B** and incorporated herein) in which U.S. Fire Insurance Company agreed to undertake completion of the outstanding work and obligations on Tri-Gems contract with the Defendant, while reserving its rights to pursue the Defendant for damages. In the Takeover Agreement and Reservation of Rights, the Defendant expressly agreed that the Plaintiff reserved its rights as to overpayment.

15. The Defendant caused U.S. Fire Insurance Company to suffer damages as a result of its breach of contract causing the surety's collateral, i.e. contract funds, to be improperly depleted by making payments to Tri-Gems for unsatisfactory and/or partially completed work. This resulted in prejudice to the surety in that the remaining contract funds were less than they should have been and/or would have been had the Defendant properly administered the contract. In fact, funds were released even after the Defendant acknowledged that less than the amount then paid had been completed.

16. According to the calculations based upon the Defendant's own inspection, the U.S. Air Force paid Tri-Gems $394,911.79 for work not performed and $296,839.20 for work which was improperly done for a total of $691,750.99.

17. In addition to the foregoing, U.S. Fire Insurance Company has incurred damages in the form of attorney's fees and consulting fees in connection with Tri Gems default.

18. As a result of the U.S. Air Force's failure to adhere to the contract and exercise proper due diligence in connection with payments to Tri-Gems for unperformed or improperly performed work, U.S. Fire Insurance Company has been damaged.

19. In spite of the fact that the Defendant's own inspector admitted substantial overpayment, the Contracting Officer issued a final decision on April 30, 2003, denying Plaintiff's claim with respect thereto after a lengthy negotiation process.

20. Plaintiff's rights are based upon longstanding principles of surety law.

21. Plaintiff's rights are also based upon its rights as an interested party in the contract between Tri Gems and the Air Force. An interested party possesses rights pursuant to the Tucker Act to pursue the Government for breaches of contract which adversely impacts upon that party.

22. The Government acknowledged the right of the surety to reserve its rights as to overpayment in the Takeover Agreement and Reservation of Rights.

23. The Government waived any claim as to the lack of standing of the surety to assert the overpayment and/or agreed that the surety may pursue such claim by entering into said Takeover Agreement and Reservation of Rights permitting the surety to reserve such right.

24. The Surety also possesses rights to the funds as collateral pursuant to the Agreement of Indemnity annexed hereto as **Exhibit C**.

25. As a result of the right of the surety to pursue its claims and the prejudice caused the surety, plaintiff is entitled to recover.

26. As a completing performance bond surety, Plaintiff has the right to recover its

costs in completing the contract, which rights should not be reduced due to Defendant making an excessive payment to Tri-Gems.

27. The right of the surety to recover is in the public interest because the surety paid to complete in spite of said overpayment. Failure to enforce this right will result in sureties refusing to complete when payment is in issue, forcing the Government to expend public funds if available.

**WHEREFORE**, Plaintiff, U.S. Fire Insurance Company, requests that judgment be entered against Defendant, for:

a. Compensatory damages;

b. Pre-judgment interest as provided by the applicable law on all of the above damages;

c. Consultant fees;

d. Ongoing attorneys fees and costs of suit; and

e. Such other relief as the Court deems proper.

**DREIFUSS, BONACCI & PARKER, LLP**
*Attorneys for Plaintiff United States*
*Fire Insurance Company*

By: s/ DAVID C DREIFUSS
DAVID C. DREIFUSS
26 Columbia Turnpike
Florham Park, New Jersey 07932
Tel: (973) 514-1414
Fax: (973) 514-5959

DATED: April 8, 2004

G:\FPDATA\MP\Complaint-TriGems.doc