No. 03-2811C
(Judge Horn)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

UNITED STATES FIRE INSURANCE COMPANY

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, JR.
Assistant Director Attorney

CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

MAJOR GRAEME S. HENDERSON
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard, Suite 606
Arlington, VA 22209-2403

April 21, 2004

TABLE OF CONTENTS

Question Presented . . . . . . . . . . 2

Statement Of The Case . . . . . . . . . . 2

Argument . . . . . . . . . . 3

I. Standard Of Review . . . . . . . . . . 3

II. The Complaint Does Not Assert A Theory Of Relief For Which This Court Possesses Jurisdiction . . . . . . . . . . 5

A. The Contract Between The Air Force And Tri-Gems Does Not Establish Jurisdiction For This Court To Consider An Action Brought By U.S. Fire Ins. Co. . . . . . . . . . . 6

B. Undefined "Longstanding Principles Of Surety Law" Do Not Establish This Court's Jurisdiction . . . . 7

C. The United States Did Not Waive And Could Not Waive The Jurisdictional Requirements . . . . . . . . . . 11

D. The Agreement Of Indemnity Does Not Establish The Predicate For This Court's Jurisdiction . . . . 12

Conclusion . . . . . . . . . . 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Alder Terrace, Inc. v. United States*, 161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 3

*American Capital Corp. v. United States*, 59 Fed. Cl. 563 (2004) . . . . . . . . . . . . . . . . . . . . . . 11

*Anderson v. United States*, 344 F.3d 1343 (Fed. Cir. 2003) 7, 12

*Bagwell v. United States*, 21 Cl. Ct. 722, 725 (1990) . . . . . . 7

*Bradley v. Chiron Corp.*, 136 F.3d 1317 (Fed. Cir. 1998) . . . 4

*Continental Casualty Co. v. United States*, 145 Ct. Ct. 99, 169 F. Supp. 945 (1959) . . . . . . . . . . . . . . . . . . . 8, 9

*Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255 (1999) 8

*Fireman's Fund Insurance Co. v. United States*, 909 F.2d 495 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 6

*Henningsen v. United States Fidelity & Guaranty Co.*, 208 U.S. 404 (1908) . . . . . . . . . . . . . . . . . . . . . . 8

*Hadden v. United States*, 132 Ct. Cl. 529 (1955) . . . . . . . . 9

*Holley v. United States*, 124 F.3d 1462 (Fed. Cir. 1997) . . . 4

*INS v. St. Cyr*, 533 U.S. 289 (2001) . . . . . . . . . . . . . . 4

*Innovair Aviation, Ltd. v. United States*, 58 Fed. Cl. 560 (2003) . . . . . . . . . . . . . . . . . . . . 7

*Insurance Co. of the West v. United States*, 243 F.3d 1367 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Landmark Land Co. Inc. v. United States*, 256 F.3d 1365 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . 11

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) 3

*Moyer v. United States*, 190 F.3d 1314 (Fed. Cir. 1999) . . . . 3

*National Surety Corp. v. United States*, 118 F.3d 1542 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . 8, 9

*National Surety Corporation v. United States*, 132 Ct. Cl. 724,
133 F. Supp. 381 (1995) . . . . . . . . . . . . . . . . . . . . 9

*Pearlman v. Reliance Insurance Co.*, 371 U.S. 132 (1962) . . . . 8

*Prairie State Bank v. United States*, 164 U.S. 227 (1896) . . . . 8

*Puget Sound Energy, Inc. v. United States*,
47 Fed. Cl. 506 (2002) . . . . . . . . . . . . . . . . . . . . . 5

*Reynolds v. Army & Air Force Exch. Service*, 846 F.2d 746
(Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Royal Indemnity Co. v. United States*, 177 Ct. Cl. 736,
93 F. Supp. 891 (1950) . . . . . . . . . . . . . . . . . . . . . 9

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) . . . . . . . . . . . . . 3

*United States v. Mitchell*, 445 U.S. 535 (1980) . . . . . . . . . 4

*United States v. Testan*, 424 U.S. 392 (1976) . . . . . . . . . . 5

**FEDERAL STATUTES**

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . 4, 9, 12

**MISCELLANEOUS**

*Restatement (Second) of Contracts* § 340 cmt. a . . . . . . . . . 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2811C<br>(Judge Horn) |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), and this Court's April 2, 2004 order, Defendant, the United States, respectfully requests that the Court dismiss the amended complaint. The plaintiff, United States Fire Insurance Company ("U.S. Fire Ins. Co."), fails to assert a cause of action that this Court possesses jurisdiction to entertain.

The amended complaint, filed April 8, 2004, asserts simple facts. The United States entered into a contract with Tri-Gems Builders Inc. ("Tri-Gems"). Compl. ¶ 7. U.S. Fire Ins. Co. provided performance and payment bonds to Tri-Gems. Compl. ¶ 8. While Tri-Gems was performing the contract, the United States allegedly paid Tri-Gems too much money. Compl. ¶ 10. Ultimately, the United States defaulted Tri-Gems. Compl. ¶ 11. The United States notified U.S. Fire Ins. Co. of the termination and eventually the United States and U.S. Fire Ins. Co. entered into a takeover agreement. Compl. ¶¶ 11, 14. The takeover

agreement contained a reservation of rights. See Compl. ¶ 14, Ex. B., ¶ 9.

The gravamen of the amended complaint is that the United States harmed plaintiff when the United States paid Tri-Gems too much money. See Compl. ¶¶ 10, 12, 15, 16, 18.

Question Presented

Whether this Court possesses jurisdiction to entertain the complaint when:

(a) the complaint does not assert a breach of a contract between plaintiff and the United States,

(b) the complaint relies upon undefined principles of surety law,

(c) the complaint asserts the United States waived its right to challenge subject matter jurisdiction, and

(d) the complaint asserts a contract not signed by the United States.

Statement Of The Case

Acting through the Air Force, the United States entered into a contract with Tri-Gems. Compl. ¶ 7. U.S. Fire Ins. Co. provided performance and payment bonds for Tri-Gems. Compl. ¶ 8. During Tri-Gems' performance of the contract, the United States allegedly paid Tri-Gems amounts of money that exceeded the progress made by Tri-Gems in performing the contract. Compl. ¶¶ 9, 10, 12, 15, 16.

Tri-Gems was defaulted. The Air Force notified U.S. Fire Ins. Co. about the default. Compl. ¶ 11. U.S. Fire Ins. Co. and the Air Force entered into a takeover agreement. Compl. ¶ 14.

U.S. Fire Ins. Co. seeks to recover amounts that the Air Force allegedly overpaid to Tri-Gems.

Argument

I. Standard Of Review

The plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). When deciding a motion to dismiss based on lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a motion to dismiss for lack of subject matter jurisdiction, the Court may examine relevant evidence in order to resolve any factual disputes. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997)(citing Franchise Tax Bd. v. Constr.

Laborers Vacation Trust, 463 U.S. 1 (1983)). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998).

A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). Plaintiffs in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

The Tucker Act requires that a plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491. The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to authorize this Court to consider, among other things, cases based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976).

This Court considers the "true nature" of a plaintiff's claim, regardless of how the plaintiff characterizes its complaint. Puget Sound Energy, Inc. v. United States, 47 Fed. Cl. 506, 510 (2002).

II. The Complaint Does Not Assert A Theory Of Relief For Which This Court Possesses Jurisdiction

The United States respectfully submits that the complaint is not clear as to the theory of relief being pursued. It appears that there may be four different theories of relief.

- First, the complaint asserts that the Air Force breached a contract with Tri-Gems, and that U.S. Fire Ins. Co. is an interested party to that contract. Compl. ¶¶ 10, 15, 18, 21.
- Second, the complaint asserts that U.S. Fire Ins. Co. is relying upon "longstanding principles of surety law," without further specifying what those principles are. Compl. ¶ 22.
- Third, the complaint asserts that the United States waived any defense to U.S. Fire Ins. Co.'s assertion of its rights in this lawsuit when the United States agreed to a takeover agreement containing a reservation of rights. Compl. ¶ 22-23.
- Fourth, the complaint asserts that U.S. Fire Ins. Co. possesses rights pursuant to an Agreement of Indemnity. Compl. ¶ 24.

The United States respectfully submits that this Court lacks the authority to entertain any of these theories of relief.

A. The Contract Between The Air Force And Tri-Gems Does Not Establish Jurisdiction For This Court To Consider An Action Brought By U.S. Fire Ins. Co.

The complaint asserts that the United States breached certain contractual obligations during its administration of the contract with Tri-Gems. (see Compl. ¶¶ 10, 15, 18). However, the contract establishing these alleged obligations is clearly the contract between the United States and Tri-Gems. The complaint does not assert that the United States breached any agreement between U.S. Fire Ins. Co. and the United States.

Absent a takeover agreement, a surety lacks contractual privity with the United States. Fireman's Fund Ins. Co. v. United States, 909 F.2d 495, 500 (Fed. Cir. 1990) (a surety "is neither the intended third-party, nor the direct, beneficiary" of the bonded contract).

Absent contractual privity, this Court lacks jurisdiction to entertain this theory of relief asserted by U.S. Fire Ins. Co. "To have standing to sue the sovereign on a contract claim, a plaintiff must be in privity of contract with the United States." Anderson v. United States, 344 F.3d 1343, 1351 (Fed. Cir. 2003) (affirming a grant of summary judgment upon the ground that plaintiffs failed to show privity). Accordingly, the Court cannot entertain the complaint based upon a theory that the United States breached its contract with Tri-Gems.

B. Undefined "Longstanding Principles Of Surety Law" Do Not Establish This Court's Jurisdiction

Plaintiffs bear the burden of pleading the elements of the Court's jurisdiction. Innovair Aviation, Ltd. v. United States, 58 Fed. Cl. 560, 561 (2003) (citing Alder Terrace Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Bagwell v. United States, 21 Cl. Ct. 722, 725 (1990).

U.S. Fire Ins. Co. asserts "Plaintiff's rights are based upon longstanding principles of surety law." Compl. ¶ 20. This vague statement is insufficient to inform either the United States or the Court about the basis for jurisdiction.

It is possible that U.S. Fire Ins. Co. intends to assert an action based upon the doctrine of equitable subrogation. However, this jurisdictional theory is no longer valid after the Federal Circuit's decision in Insurance Co. of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) ("ICW"). ICW rejected a theory — ostensibly based upon Prairie State Bank v. United States, 164 U.S. 227 (1896); Henningsen v. United States Fidelity & Guar. Co., 208 U.S. 404 (1908); Pearlman v. Reliance Ins. Co., 371 U.S. 132 (1962) — that the United States waived its sovereign immunity for lawsuits brought pursuant to the doctrine of equitable subrogation. ICW, 243 F.3d at 1372.

We recognize that in National Surety Corp. v. United States, 118 F.3d 1542, 1547 (Fed. Cir. 1997), the court ruled that the United States can be liable to a surety for failing to withhold

retainage from the prime contractor. The validity of National Surety, however, is questionable because of the more recent decisions in Department of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999), and ICW.

The foundation for National Surety is the doctrine of equitable subrogation. There, the court stated, "The Court of Claims . . . has long recognized the surety's right to subrogation in the security held by the government. E.g., Continental Cas. Co. v. United States, 145 Ct. Cl. 99, 169 F.Supp. 945 (1959). The subrogation right is equitable, in origin and in implementation." National Surety, 118 F.3d at 1546.

After the decisions in Blue Fox and ICW, National Surety cannot stand as binding precedent. Continental Casualty, the case relied upon by National Surety, cited three decisions. Continental Cas. Co., 145 Ct. Cl. at 103, 169 F.Supp. at 947. However, ICW explicitly repudiated two of those decisions: National Surety Corporation v. United States, 132 Ct. Cl. 724, 133 F.Supp. 381 (1995); and Royal Indemnity Co. v. United States, 177 Ct. Cl. 736, 93 F.Supp. 891 (1950). ICW at 1372 n. 1. (The third decision, Hadden v. United States, 132 Ct. Cl. 529, 531 (1955), relied in turn upon Royal Indemnity.)

As quoted above, National Surety also states that the origin of equitable subrogation is equity. Clearly, ICW rejected an equitable basis for the waiver of sovereign immunity. Therefore

National Surety does not provide a jurisdictional basis for this Court because National Surety is based upon equitable subrogation.

Rather than relying upon equitable subrogation, it is possible that U.S. Fire Ins. Co. intends to rely upon an assignment from Tri-Gems as the "longstanding principle" of surety law. Compl. ¶ 20. Any such argument would be incorrect. According to ICW, the general waiver of sovereign immunity found in the Tucker Act, 28 U.S.C. § 1491, extends to entities who receive an assignment.[1] Id., 243 F.3d at 1374-75. Viewing sureties as an assignee differs from considering sureties as independently possessing a right to sue the United States pursuant to the doctrine of equitable subrogation. Under the common law, "the assignee of a claim step[s] into the shoes of the assignor for all purposes: 'an assignment transfers to the assignee the same right held by the assignor, with its advantages and disadvantages.'" Id. at 1374 (citing *Restatement (Second) of Contracts* § 340 cmt. a).

Consequently, assuming an assignment in this case, the rights of United States Fire Ins. Co. merely match the rights of Tri-Gems, its assignor. Here, Tri-Gems was not harmed by the payment of money to it. Because Tri-Gems could not assert a breach of contract for its receipt of advance payments, the same

---

[1] Some assignments could be barred by the Anti-Assignment Act. However, that restriction does not appear to be relevant to this case.

claim cannot be asserted by United States Fire Ins. Co. Furthermore, during the status conference on April 1, 2004, counsel for U.S. Fire Ins. Co. stated that plaintiff was not relying upon an assignment.

For these reasons, the Court should rule that it lacks jurisdiction to entertain a theory of relief predicated upon "longstanding principles of surety law."

C. The United States Did Not Waive And Could Not Waive The Jurisdictional Requirements

Next, the complaint asserts that the United States waived U.S. Fire Ins. Co.'s lack of standing by agreeing to the takeover agreement. Compl. ¶ 22-23.

Subject matter jurisdiction cannot be waived by the parties. Landmark Land Co. Inc. v. United States, 256 F.3d 1365, 1380 (Fed. Cir. 2001). Standing is an aspect of subject matter jurisdiction. American Capital Corp. v. United States, 59 Fed. Cl. 563, 589 (2004). Thus, even if the United States attempted to waive the jurisdictional requirements of this Court, any attempt would be ineffective.

Moreover, the United States did not agree that U.S. Fire Ins. Co. could bring this lawsuit. The takeover agreement states "U.S. Fire is proceeding to take over and complete the Contract under a full and complete reservation of rights." Compl. Ex. B., ¶ 9. The takeover agreement does not assert that U.S. Fire Ins. Co. possessed the right to bring this lawsuit. Instead, the

takeover agreement preserved whatever rights U.S. Fire Ins. Co. possessed before the takeover agreement. Plaintiff has not shown that one of those rights was the right to bring the present lawsuit.

Accordingly, the takeover agreement does not establish the predicate for this Court's jurisdiction to entertain the complaint.

D. The Agreement Of Indemnity Does Not Establish The Predicate For This Court's Jurisdiction

U.S. Fire Ins. Co. asserts that the agreement of indemnity grants to it the right to certain collateral. Compl. ¶ 24-26. While U.S. Fire Ins. Co. may be correct in its interpretation of the indemnity agreement, the indemnity agreement does not establish a predicate for this Court's jurisdiction because the indemnity agreement is not a contract with the United States.

The indemnity agreement is an agreement between "Universal Bonding Ins. Co."[2] and Tri-Gems. Compl. Ex C, first paragraph. The United States is not privy to this contract. Therefore, the Tucker Act does not authorize this Court to entertain this theory of relief. 28 U.S.C. § 1491 (authorizing this Court to entertain actions against the United States based upon "any express . . . contract with the United States.") (emphasis added); see also

[2] For purposes of this motion, the relationship between "Universal Bonding Ins. Co." and U.S. Fire Ins. Co. is irrelevant.

Anderson, 344 F.3d at 1351 (affirming a grant of summary judgment on the ground that plaintiffs failed to show privity).

Conclusion

Because US Fire Ins. Co. does not identify an obligation, based upon a contract between the Air Force and itself, that the Air Force allegedly breached, this Court lacks jurisdiction to entertain the complaint. Accordingly, the United States respectfully requests that this Court grant the motion and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

MAJOR GRAEME S. HENDERSON
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard, Suite 606
Arlington, VA 22209-2403

April 21, 2004