**No. 03-2811C**
**(Judge Horn)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**UNITED STATES FIRE INSURANCE COMPANY**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

---

# PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

---

**DREIFUSS, BONACCI & PARKER, LLP**
26 Columbia Turnpike
Florham Park, New Jersey 07932
Phone (973) 514-1414
Fax (973) 514-5959
***Attorneys for Plaintiff United States Fire Insurance Company***

**Of Counsel:**

**David C. Dreifuss, Esq.**

## TABLE OF CONTENTS


PRELIMINARY STATEMENT ........................................ 1

QUESTION PRESENTED ........................................ 3

STATEMENT OF THE CASE ........................................ 3

ARGUMENT ........................................ 4

I. Standard of Review. ........................................ 4

II. The Amended Complaint properly sets forth a basis for relief over which this Court possesses jurisdiction. ........................................ 4

CONCLUSION ........................................ 10

## TABLE OF AUTHORITIES

Department of the Army v. Blue Fox, Inc. ........ 1, 2, 5, 6, 7, 8, 9

Capital Indemnity Corp. v. Price Municipal Corp., 202 WL 818064 (D.Utah) ........ 8

Insurance Company of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) ........ 1, 2, 3, 4, 5, 6, 7, 8

Insurance Company of the West v. United States, 55 Fed. Cl. 529 (2003) ........ 2, 3, 6 , 8, 9, 10

National Surety Corporation v. The United States, 118 F.3d 1542 (Fed. Cir. 1997) ........ 1, 2, 3, 5, 8, 9

Pennsylvania National Mutual Casualty Insurance Co. v. City of Pine Bluff, 354 F.3d 945 (8th Cir. 2004) ........ 7

## PRELIMINARY STATEMENT

Plaintiff respectfully submits that there is no merit to the motion filed by the Government. The Amended Complaint tracks the opinions of the United States Court of Appeals for the Federal Circuit in two cases. One of the cases is the opinion of the United States Court of Appeals for the Federal Circuit in Insurance Company of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) upon which, most surprisingly the Government also relies. In that case, the Surety financed its principal with respect to completion of the contract. The Surety never entered into a contract with the Government. Rather, as is true here based upon the Indemnity Agreement, the Surety was merely a creditor of the contractor. Nevertheless, the Court ruled that the Surety was able to pursue its claim against the Government which had waived immunity thereto.

In this case, the Amended Complaint alleges that the Surety, pursuant to the Indemnity Agreement annexed to the Amended Complaint, was a creditor of the principal. As in Insurance Company of the West v. United States, supra, the contention is that monies were paid to the Surety's principal that should not have been paid to the principal and ultimately should have been paid to the Surety. While the facts are slightly different, the analysis is precisely the same.

The other case upon which the Surety has relied is National Surety Corporation v. The United States, 118 F.3d 1542 (Fed. Cir. 1997). The Government contends that the ruling of the Court of Appeals in that case was essentially overruled by the decision of the United States Supreme Court in Department of The Army v. Blue Fox, Inc., 525 U.S. 255 (1999). Initially, it should be noted that, in none of the cases which the Government cites does the Court indicate that National Surety Corporation was overruled or undermined by the decision of the United States Supreme Court in Blue Fox. In fact, in a subsequent appeal to the United States Court of

Federal Claims of the Insurance Company of the West case, the Court expressly addressed National Surety Corporation as if it had not been overruled. Insurance Company of the West v. United States, 55 Fed. Cl. 529, 533 fn. 7 and 543.

Furthermore, contrary to the Government's position that National Surety Corporation was based exclusively upon principles of equitable subrogation, this is contradicted by the declaration of the Court itself that the Surety's "rights and obligations" are based upon "principles of Suretyship law." Id. at 1545. Plaintiff is not aware of Blue Fox undermining "principles of Suretyship law." In addition, the rationale of the Court in National Surety Corporation is consistent with the rationale in Insurance Company of the West,

The Government's contentions that the claim in question is not based upon any contract with the Government is totally without merit. The claims which the plaintiff has asserted are based upon the failure of the Government to abide by its contract with Tri-Gems with respect to payment for work being performed in accordance with the Contract. As the Court of Appeals for the Federal Circuit indicated in Insurance Company of the West, it is not crucial that a claimant be an actual party to that contract in order to be able to pursue such a claim. The status as a surety is adequate as acknowledged in both of the Insurance Company of the West opinions. Any doubt was clearly resolved in Insurance Company of the West v. United States, 55 Fed. Cl. 529 (2003). Furthermore, the claim here is also based upon another contract, namely the performance bond issued by the Surety and the fact that the Surety completed the project as a result of the Government's claim in accordance with the performance bond.

The issue is that the Government failed to have the appropriate amount of contract funds remaining. Therefore, it is respectfully submitted, for the reasons set forth in greater detail below, the Government's motion should be denied, which result is also better for public policy.

## QUESTION PRESENTED

Whether this Court possesses jurisdiction to entertain the Complaint where:

(a) The Surety is a creditor of the Contractor that entered into a Contract with the Government and the Surety, as in Insurance Company of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) and Insurance Company of the West v. United States, 55 Fed. Cl. 529 (2003), has been prejudiced by the Government's overpayment to its principal; and/or

(b) The Surety is a completing surety and the Government overpaid its principal as in National Surety, 118 F.3d 1542 (Fed. Cir. 1997); and/or

(c) The Surety is equitably subrogated to the rights of the contractor, Insurance Company of the West v. United States, 55 Fed. Cl. 529 (2003).

## STATEMENT OF THE CASE

As the Government correctly notes, for purposes of this motion, it is respectfully submitted that this Court should treat the allegations contained in the Amended Complaint as if they were true.

As set forth in the Amended Complaint, the plaintiff was Surety for Tri-Gems Builders, Inc. which entered into a construction contract with the Government in the amount of $1,202,800.00 which was ultimately adjusted to a "not to exceed" price of $1,484.196.00 (First Count, Paragraphs 7 and 8). It further alleges that the Air Force, in breach of the contract, did not limit payments to amounts attributable to the completed work and/or work completed in accordance with the contract. This resulted in the improper depletion of the remaining contract funds which were less than they should have been for purposes of completion of the project by the surety after the default of Tri-Gems (First Count, Paragraphs 10, 11 and 15).

In addition, it is alleged that the Government agreed that the Surety would be able to reserve its rights in connection with its completion of the project and that the Surety's rights are based upon long-standing principles of surety law as well as its rights as an interested party in the contract between Tri-Gems and the Air Force. (First Count, Paragraphs 14, 20 and 21).

Without repeating all of the facts alleged in the Amended Complaint, plaintiff contends that the overpayment to Tri-Gems based upon the Air Force's own inspection is $691,750.99 (First Count, Paragraph 16).

## ARGUMENT

### I. Standard of Review.

Plaintiff does not dispute the Standard of Review. As will be set forth below, plaintiff contends that this is a contract dispute properly before this Court and that the Government has waived sovereign immunity pursuant to the Tucker Act as quoted on page 4 of the Government's Motion.

### II. The Amended Complaint properly sets forth a basis for relief over which this Court possesses jurisdiction.

While the Government attempts to dissect the Amended Complaint and reclassify the allegations, it is respectfully submitted that the Amended Complaint clearly sets forth a cause of action against the Government on multiple grounds:

**(a)**

As noted above, one opinion upon which the Government surprisingly relies is Insurance Company of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001). Unlike the case of National Surety Corporation v. The United States, 118 F.3d 1542 (Fed. Cir. 1997) which the Government correctly notes was decided prior to Department of the Army v. Blue Fox, Inc., 525

U.S. 255 (1999), Insurance Company of the West was decided after the United States Supreme Court's decision in Blue Fox. Upon close examination of the Government's brief, it is clear that its reliance on Insurance Company of the West, 243 F.3d 1367 is misplaced. The Government misconstrues the Court's holding in that case and, in so doing, attempts to mislead this Court.

The Court of Appeals was very clear in finding that there was a waiver of sovereign immunity in that matter. The Court expressly declared:

> We hold that the Tucker Act must be read to waive sovereign immunity for assignees as well as those holding the original claim, except as barred by a statutory provision such as the Anti-Assignment Act. **No act here limits the right of subrogees to bring suit against the government, and thus sovereign immunity presents no barrier to such an action**. [emphasis added]

Id. at 1375. The Court further declared that:

> Neither the Federal Court Claims Act nor the Tucker Act is limited to claims asserted by the original claimant. The Federal Tort Claims act waives immunity as to 'claims against the United States, for money damages, … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant.' 28 U.S.C. § 1346(b). So too, the Tucker Act waives sovereign immunity for "any claim against the United States founded… upon any express or implied contract with the United States" U.S.C. §1491(a)(1). The language of both acts contains an **unequivocal expression waiving sovereign immunity as to claims, not particular claimants**. [emphasis added]

Id. at 1373-1374.

In arriving at its decision, the Court of Appeals rejected the Government's argument that Blue Fox ended jurisdiction of this Court to hear claims brought by sureties under the doctrine of equitable subrogation. It stated that: "There was nothing particularly novel about the Supreme Court's holding in Blue Fox, even as applied to a surety of a subcontractor…" Id. at 1371. As

set forth in the opinion of the Court of Claims on remand, the Court held:

> While observing that there is no privity of contract between the Government and a surety, the court recognized that sureties have 'traditionally asserted claims against the government under the equitable doctrine of subrogation. This approach dates back at least to 1896...' *West II* at 1370. The Court then analyzed *Blue Fox* and concluded that the case stood for nothing more than the proposition that 'sovereign immunity bars subcontractors and other creditors from enforcing liens on Government property or funds to recoup their losses.' Id. at 1371 (quoting *Blue Fox*, 525 U.S. at 265, 119 S.Ct. 687).

Insurance Company of the West, 55 Fed. Cl. 529, 533 (2003).

As set forth by the Court of Federal Claims on the remand of that matter, "The central holding of the *West II* [243 F.3d 1367] court was that sovereign immunity does not bar a surety's claim against the United States, as the Tucker Act waived sovereign immunity against claims by assignees. *West II* at 1375." Insurance Company of the West v. United States, 55 Fed.Cl. 529 (2003). As the Court there explained, the United States Supreme Court in Blue Fox addressed equitable subrogation in terms of the case before it, namely as to claims of sureties who paid subcontractors. Since the subcontractors could not sue the Government directly, if the surety's right was solely due to subrogation to the rights of the subcontractors, it could not sue the Government. However, where, as there, the surety also had other subrogation rights, the surety could pursue those claims. This addresses exactly the issue at bar. In Insurance Company of the West, the Court concluded that a subrogee "after stepping into the shoes of a government contractor, may rely on the waiver of sovereign immunity and the Tucker Act and bring suit against the United States." Id. at 1375.

The facts in that case are even less compelling than the facts in this case. There, Insurance Company of the West issued a performance and payment bond on behalf of P.C.E., Limited (hereinafter "P.C.E."). Insurance Company of the West did not undertake completion

and the contract with P.C.E. was never terminated. Rather, Insurance Company of the West financed completion of the contract. There, rather than breaching the contract itself as occurred here with the government paying the contractor too much money, the government failed to forward the funds to the proper address of which it was provided with notice on behalf of P.C.E. and the surety. Insurance Company of the West sought to recover funds that had been improperly paid to P.C.E. (the same as here) which P.C.E. had not surrendered to the surety. The United States Court of Appeals for the Federal Circuit, again in the post Blue Fox Opinion, ruled that the surety was able to proceed as against the Government and that the Government had waived its rights to sovereign immunity pursuant to the Tucker Act. In so ruling, the Court in discussing Blue Fox stated that: "There was nothing particularly novel about the Supreme Court's holding in Blue Fox, even as applied to a surety of a subcontractor." Id at 1371.

The Government here keeps questioning what contract was breached. As should be clear from the Amended Complaint, the Government clearly breached the contract between Tri-Gems and the Government by overpaying Tri-Gems. As the United States Court of Claims indicated in Insurance Company of the West, The Tucker Act "contains an unequivocal express waiving sovereign immunity as to claims, not particular claimants." Id. at 1374. The Surety is clearly a proper claimant. Its claims are contractual in nature. See Pennsylvania National Mutual Casualty Insurance Co. v. City of Pine Bluff, 354 F.3d 945 (8th Cir. 2004). The other contract that the Government allegedly breached was the performance bond issued by the Surety to which the Government and Tri-Gems were also parties.

Again, here the Surety's interest is even greater than that of Insurance Company of the West in the above quoted case. Here, the Surety was a creditor pursuant to the Agreement of Indemnity and also a completing surety. There, the Surety was merely a creditor. Since its rights

relate back to the date of execution of the surety bonds, Insurance Company of the West, 55 Fed Cl. at 541, it clearly should be permitted to pursue these claims.

**(b)**

In accordance with National Surety, as the surety is a completing surety and the Government overpaid its principal, this Court has jurisdiction over the surety's action against the Government.

Once again the Government misleads this Court as to the legal meaning and effect of a significant case. The Government contends that "after the decisions in Blue Fox and Insurance Company of the West, National Surety cannot stand as binding precedent." (¶ 8). This is incorrect. In none of the cases which the Defendant cites in its memorandum do the Courts indicate that the decision of the United States Court of Appeals in National Surety Corporation v. The United States is being overruled or was wrongly decided. It is hard to imagine that the extensive research involved by the parties' counsel as well as the Courts missed this very clear 1997 opinion of the United States Court of Appeals for the Federal Circuit. To the contrary, Courts have continued to uphold and apply National Surety. See, e.g. (Capital Indemnity Corp. v. Price Municipal Corp., 202 WL 818064 (D.Utah), (in relying on National Surety, upheld sureties rights against a municipality for having improperly paid a general contractor.)

In fact, as noted above, National Surety is reviewed by the United Sates Court of Federal Claims in Insurance Company of the West at 55 Fed. Cl. 529, 533 fn. 7 and 543. In that opinion, the Court could easily have granted the Government's summary judgment on the breach of contract issue, if the case was, as the Government contends here, overruled by Blue Fox.

It is respectfully submitted that the rationale of the Court of Appeals in National Surety Corporation v. The United States completely undermines the Government's position in the case

at bar. In that case, the Court declared that:

> The Surety's rights and obligations are not based on third-party beneficiary concepts, but on principles of suretyship law. Applying these principles we conclude, as did the Court of Federal Claims, that the Government has incurred liability to the surety. However, on the facts of this case we conclude that damages are fairly measured not by the calculated amount of the required retention, but by the injury, loss, or prejudice to the surety due to the Government's failure to implement the required retention.

Id. at 1545.

Further, the Court, in a quote that could be repeated here if the name of the surety's principal were changed, declared that:

> The Government's failure to retain the required sums during performance of the Dugdale Contract was a change in the term from those on which the surety provided its bonds. When National Surety completed the contract in accordance with its performance bond, it was entitled to the benefit of the contractually-required retainage. The Government's improper release of this security does not avoid liability to the surety for losses thereby sustained.

Id. at 1547.

As in National Surety, here the Government improperly released funds to Tri-Gems for work not performed in accordance with the contract. It is that improper action which is alleged in the Amended Complaint and as to which the Surety has rights based upon "principle of suretyship law." There is also consistent with the Surety's right of equitable subrogration as addressed here.

**(c)**

Finally, plaintiff has sufficiently alleged facts upon which this Court has jurisdiction as it as alleged a contractual basis for such jurisdiction. In Insurance Company of the West, 55 Fed.Cl. 529 (Fed.Cir. 1997) the Court held that once the surety discharged the outstanding bills of subcontractors, it was subrogated to the rights of the defaulting contractor. The surety moved for summary judgment, and the government cross-moved with a motion to dismiss the complaint

for failure to state a cause of action or alternatively a motion for summary judgment. In ruling on the motion to dismiss, the Court held that:

> Because the subcontractors have no standing to sue the Government directly, the surety must invoke the contractor's right to sue in order to sustain its claim against the Government. (citations omitted) If a surety were limited to exercising the rights of only the subcontractors under the doctrine of equitable subrogation, the surety never would be able to recover directly from the contracting agency. Such a result would contradict a century of jurisdprudence.
>
> * * *
>
> Plaintiff has stated a claim under the doctrine of equitable subrogation to stand in PCE's shoes and bring its claim directly against the United States. Accordingly, defendant's motion to dismiss based on the impact of *West II* [243 F.3d 1367] is denied.

Id. at 538.

The Court granted the surety's motion for summary judgment allowing it to pursue its claims as surety for payments made by the government to the contractor. In so ruling it held that the surety's subrogation rights related back to the date on which the surety executed the payment and performance bonds.

**CONCLUSION**

As United States Fire Insurance Company has set forth multiple grounds pursuant to which this Court has jurisdiction over this matter it is respectfully submitted that the Government's motion to Dismiss the Amended Complaint be denied.

Respectfully submitted,

s/ David C. Dreifuss, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike
Florham Park, New Jersey 07932

Dated: May 5, 2004

Attorneys for Plaintiff