# In The United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **UNITED STATES FIRE INSURANCE CO.** **Plaintiff,** | * | |
| **v.** | * | **No. 03-2811C** **Filed: May 20, 2004** |
| **UNITED STATES,** **Defendant.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**O R D E R**

The court is in receipt of defendant's motion for an enlargement of time within which to file its reply to the plaintiff's opposition to the defendant's motion to dismiss. Pursuant to the court's April 1, 2004 order, the defendant was to file its reply on or before Thursday, May 13, 2004. In its motion, defendant requests the court to extend the date for filing the reply until May 26, 2004. According to defendant's motion, plaintiff does not consent to any enlargement beyond May 17, 2004.

The court **GRANTS** defendant's motion **IN PART**. The court **ORDERS** the defendant to file its reply to the plaintiff's opposition to the defendant's motion to dismiss on or before **Monday, May 24, 2004 at 12:00 p.m.**

In response to defendant's statement in its motion that the "date on which the reply is currently due is unclear," the court underscores that the actual text of the court's orders governs at all times. Deadlines that may appear on the court's electronic docket sheet, particularly those that appear in entries filed by the parties, are often default deadlines and should be disregarded, unless they are consistent with those that appear in court orders. The parties are under an obligation to read the text of court orders, in lieu of relying on excerpts that may appear on the electronic docket sheet.

Finally, the court reminds defense counsel that motions for enlargements of time should be filed well in advance of the deadlines to which they refer.

**IT IS SO ORDERED.**

s/ MARIAN BLANK HORN
**MARIAN BLANK HORN**
**Judge**