IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2811C (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully submits its reply to plaintiff's opposition to the defendant's motion to dismiss. The motion to dismiss, filed April 21, 2004, establishes that this Court lacks jurisdiction to entertain the causes of action asserted in the complaint. The opposition filed by the plaintiff, U.S. Fire Ins. Co., fails to recognize that the Tucker Act authorizes jurisdiction when the plaintiff is a party to a contract with the Government. U.S. Fire Ins. Co. offers, instead, a cause of action based upon a theory that it is a creditor of a party to a Government contract. This Court lacks jurisdiction to entertain such a theory. Thus, the motion to dismiss should be granted.

The United States, acting through the Department of the Air Force, awarded a contract to Tri-Gems Builders, Inc. Tri-Gems then obtained performance and payment bonds from U.S. Fire Ins. Co. Tri-Gems performed some work pursuant to the contract and received payment from the Air Force for this work. (U.S. Fire

Ins. Co. asserts that the Air Force overpaid Tri-Gems.) Eventually, the Air Force declared Tri-Gems in default. Thereafter, U.S. Fire Ins. Co. entered into a "Takeover Agreement" with the Air Force and completed the original contract. The Air Force paid U.S. Fire Ins. Co. an amount of money equal to the balance remaining on the contract when Tri-Gems was declared in default.

U.S. Fire Ins. Co. asserts, in its complaint, that it is entitled to additional money because the balance was too small, that is, the Air Force wrongly depleted contract funds by paying Tri-Gems too much money too soon. U.S. Fire Ins. Co. does not assert that the Air Force failed to pay out a sum of money equal to the ultimate amount of money for the entire contract. Even after the filing of the opposition to the Government's motion to dismiss, the cause of action upon which U.S. Fire Ins. Co. relies is not entirely clear. Rather than defining a specific cause of action, U.S. Fire Ins. Co. cites three cases that, it argues, support the Court's exercise of jurisdiction: Insurance Company of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) ("ICW I"); National Surety Corp. v. United States, 118 F.3d 1542 (Fed. Cir. 1997); and Insurance Company of the West v. United States, 55 Fed. Cl. 529 (2003) (ICW II). Regardless of how the complaint is construed, it is clear that this Court lacks jurisdiction to entertain it and the three cases cited above do

not compel a finding of jurisdiction.

I. The Federal Circuit's Decision In *Insurance Company of the West* Is Distinguishable From This Case And Does Not Support A Finding Of Jurisdiction

U.S. Fire Ins. Co. relies upon the decision of the United States Court of Appeals for the Federal Court in ICW I. Opp. Br. 4-8. ICW I, however, actually supports a finding that this Court lacks jurisdiction.

Because of the significance of ICW I, the facts of that case warrant a detailed discussion. The Government issued a contract to P.C.E., Limited. ICW I, 243 F.3d at 1369. Insurance Co. of the West provided the performance and payment bonds. PCE experienced financial problems. Insurance Co. of the West assumed responsibility for completing the contract. Both PCE and Insurance Co. of the West informed the Government that payment should be made to Insurance Co. of the West. The Government recognized this change and modified the contract accordingly. However, the Government did not pay Insurance Co. of the West. Id. Insurance Co. of the West filed a lawsuit to recover this money.

The United States Court of Appeals for the Federal Circuit made several important statements of law and two holdings of particular note in this case. First, the Federal Circuit held that the United States has not waived its sovereign immunity for lawsuits brought pursuant to a theory of equitable subrogation.

ICW I, 243 F.3d at 1371-72. Second, the Federal Circuit held that the United States waived its sovereign immunity for some lawsuits brought by assignees of Government contractors.[1] ICW I, 243 F.3d at 1372-75. Consequently, Insurance Co. of the West was permitted to pursue its lawsuit pursuant to a theory that it was an assignee.

The second holding, permitting lawsuits brought by assignees, distinguishes ICW from the case brought by U.S. Fire Ins. Co. In ICW, the prime contractor (PCE) directed that payments be made to Insurance Co. of the West. ICW I, 243 F.3d at 1369. Insurance Co. of the West was not "merely a creditor," as asserted by U.S. Fire Ins. Co. Opp. Br. at 7. The specific basis for the Federal Circuit's finding of jurisdiction was the law of assignment, not the law of equitable subrogation. ICW I. When a surety pays to complete the performance of a contract, it receives an assignment by operation of law. Restatement (Third) of Suretyship & Guaranty § 27, comment a. (1996). In contrast, the complaint here fails to assert that the prime contractor for U.S. Fire Ins. Co. (Tri Gems) assigned its right to receive payments to U.S. Fire Ins. Co.

Although the complaint does not assert that U.S. Fire Ins. Co. received an assignment by operation of law, U.S. Fire Ins.

---

[1] The Anti-Assignment Act could bar claims brought by some assignees. The Anti-Assignment Act, however, is not implicated in this case brought by U.S. Fire Ins. Co.

Co. may be making this argument in its brief. Quoting ICW I, 243 F.3d at 1375, U.S. Fire Ins. Co. states "No act here limits the right of subrogees to bring suit against the government." Opp. Br. at 5. Given the context in ICW I, the Federal Circuit's reference to "subrogees" must mean subrogees that receive assignments by operation of law, for example, sureties that pay to complete performance, such as the plaintiff in ICW I. The one sentence quoted above cannot permit any subrogee to bring any claim against the United States.

Even if U.S. Fire Ins. Co. were considered to have received an assignment by operation of law because it later performed the contract, this status would not assist U.S. Fire Ins. Co. "It is elementary that one cannot acquire by subrogation what another whose rights he claims did not have." United States v. Munsey Trust Co. 332 U.S. 234, 242 (1947). See also Globe Indem. Co. v. United States, 84 Ct. Cl. 587, 595 (1937) ("The party for whose benefit the doctrine of subrogation is exercised can acquire no greater rights than those of the party for whom he is substituted"); Sentry Ins. A Mutual Co. v. United States, 12 Cl. Ct. 320, 322 (1987) (surety "cannot, through subrogation, acquire rights not possessed by the one through whom the subrogee claims a right"). Here, there can be no dispute that Tri-Gems did not possess the right to claim that it was paid too much. Because Tri-Gems did not possess this right, U.S. Fire cannot possess the

right that it appears to be asserting in this lawsuit. U.S. Fire Ins. Co. does not fall within the scope of ICW I.

Rather than claiming it is an assignee, U.S. Fire Ins. Co. claims that it is a creditor. However, creditors lack standing to bring a lawsuit against the United States. Centron Corp. v. United States, 218 Ct. Cl. 1, 7-8, 585 F.2d 982, 985 (1978); Shook v. United States, 26 Cl. Ct. 1477, 1485 n.3 (1992).

U.S. Fire Ins. Co. asserts that the Air Force breached two contracts. Opp. Br. at 7. First, it alleges that the contract between the Air Force and Tri-Gems was breached. However, without a formal assignment, U.S. Fire Ins. Co. lacks privity to assert a breach of this contract. Centron, 218 Ct. Cl. at 7-8, 585 F.2d at 985. The second contract allegedly breached is the performance bond issued by U.S. Fire Ins. Co. However, the United States is not a party to the performance bond. See Admiralty Constr., Inc. v. Dalton, 156 F.3d 1217, 1220-21 (Fed. Cir. 1998); Ransom v. United States, 900 F.2d 242, 244-45 (Fed. Cir. 1990).

For these reasons, the Federal Circuit's decision in ICW I does not support a ruling that this Court possesses jurisdiction to entertain this complaint.

## II. The Federal Circuit's Decision in *National Surety* Is No Longer Valid And Therefore Cannot Be A Basis For This Court's Jurisdiction

U.S. Fire Ins. Co. relies upon National Surety Corp. v.

United States, 118 F.3d 1542 (Fed. Cir. 1997). Opp. Br. at 8-9. However, National Surety is no longer good law because of the more recent decision by the United States Supreme Court in Department of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999) and the Federal Circuit in ICW I.

National Surety has effectively been overruled. U.S. Fire Ins. Co. asserts that the Government does not cite any case that states that National Surety has been overruled. Opp. Br. at 8. That statement is correct. But, U.S. Fire Ins. Co. overlooks the points made in the initial motion to dismiss. As observed in the pending motion, National Surety relied upon Continental Cas. Co. v. United States, 145 Ct. Cl. 99, 169 F.Supp. 945 (1959). Continental Cas., 145 Ct. Cl. at 103, 169 F.Supp. at 947, relied upon three decisions: National Surety Corporation v. United States, 132 Ct. Cl. 724, 133 F.Supp. 381 (1955); Royal Indemnity Co. v. United States, 177 Ct. Cl. 736, 93 F.Supp. 891 (1950); Hadden v. United States, 132 Ct. Cl. 529, 531 (1955).

ICW I recognized that two of these three decisions (National Surety and Royal Indemnity) were overruled. ICW at 1372 n. 1. Because the third decision, Hadden, relied upon Royal Indemnity, Hadden also retains no vitality. Because the decisions underlying National Surety have been explicitly overruled, it follows that National Surety, itself, has been overruled implicitly.

Because National Surety is no longer valid, it cannot be the basis for this Court's jurisdiction.

III. The Court Of Federal Claim's Decision In *Insurance Company Of The West* Does Not Control The Outcome Of This Case

U.S. Fire Ins. Co. asserts that the Court of Federal Claim's decision on remand in Insurance Company of the West v. United States, 55 Fed. Cl. 529 (2003), supports a finding of jurisdiction. Opp. Br. 9-10. However, the Court should not follow this decision for three reasons: first, the case is not binding; second, the case is distinguishable; and third, the case was decided wrongly.

Preliminarily, ICW II is not a decision of the Court of Appeals for the Federal Circuit. As a decision by the Court of Federal Claims, ICW II is, at most, only persuasive precedent, not binding precedent. Casa De Cambio Comdiv S.A. De C.V. v. United States, 291 F.3d 1356, 1364 n.1 (Fed. Cir. 2002) (citing West Coast General Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994)).

Second, even if the Court were inclined to consider ICW II, ICW II holds no persuasive value because the facts are so different. As noted above, in that case, both the surety and the prime contractor (PCE) informed the Government that the surety should receive payment. ICW I, 243 F.3d at 1369; ICW II, 55 Fed. Cl. at 531-32. There is no question that the Government

acquiesced because the Government unilaterally modified the contract terms to change the payment address. Id. This notice to the Government formed the basis of the plaintiff's argument that, pursuant to the law of assignment, the Government could be held liable for paying the wrong party. ICW II, 55 Fed. Cl. at 539. See also Riviera Finance of Texas, Inc. v. United States, 58 Fed. Cl. 528, 530 (2003) (setting out factors to assess in determining whether the United States accepted an assignment). The Court ultimately accepted this argument and ruled that the Government became a stakeholder. ICW II, 55 Fed. Cl. at 540.

These important facts are not present in the case brought by U.S. Fire Ins. Co. Tri-Gems did not attempt to assign, either formally or informally, its right to receive payment from the Government. U.S. Fire Ins. Co. did not inform the Government that a special circumstance, such as its starting to complete performance of the contract, entitled it to payment from the Government. And, the Government consequently did not take any affirmative steps to indicate that it would pay U.S. Fire Ins. Co. Accordingly, ICW II is distinguishable.

Finally, the United States respectfully submits that ICW II contradicts the Federal Circuit's decision in ICW I. ICW I establishes that a person who receives an assignment of rights granted in a Government contract (such as a surety) may pursue a claim based upon those rights to the same extent as the original

party could. ICW I, 243 F.3d at 1374. ICW II fails to respect the limited basis for an assignment. The Court, in effect, permitted the assignee (Insurance Co. of the West) to proceed on a lawsuit that its assignor (PCE) could not bring. Insurance Co. of the West was permitted to request that the Government pay twice: once to the assignor and again to the assignee. This ruling violates the principle that an assignee possesses only those rights held by its assignor. ICW I, 243 F.3d at 1374. Accordingly, we respectfully submit that ICW II did not follow ICW I and should not be followed by this Court.

In sum, because ICW II is not binding precedent, because ICW II is distinguishable, and because ICW II was wrongly decided, ICW II does not support this Court's finding that it possesses jurisdiction to entertain the lawsuit brought by U.S. Fire Ins. Co.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court grant our motion and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

MAJOR GRAEME S. HENDERSON
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard,
Suite 606
Arlington, VA 22209-2403

May 24, 2004