IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2811C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with RCFC 16 and Appendix A to this Court's Rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Paragraph 4 and 5, Part III of Appendix A.

Paragraph 4

a. Does the court have jurisdiction over the action?

For the Plaintiff:

Plaintiff, United States Fire Insurance Company, states that the Court has jurisdiction over this action based upon the doctrine of equitable subrogation as decided by this Court in its decision, dated July 30, 2004.

For the Defendant:

Defendant, the United States, respectfully disagrees with the Court's July 30, 2004 decision. For the reasons stated in the Government's motion to dismiss and reply, the United States believes that this Court lacks the authority to entertain the complaint.

b. Should the case be consolidated with any other case and the reason(s) therefore?

No, there are no other cases that should be consolidated with this case.

c. Should trial of liability and damages be bifurcated and the reasons therefore?

No, any trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?

No, further proceedings in this case should not be deferred.

e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?

No remand or suspension will be sought.

f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to the effect joinder?

For the Plaintiff:

The United States Fire Insurance Company reserves the right to amend this response as discovery continues.

For the Defendant:

The United States contemplates that joining Tri-Gems Builders, Inc., the original contractor, may be appropriate.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

Whether a motion pursuant to RCFC 56 is appropriate depends upon the results of fact discovery. The parties anticipate discussing the appropriateness of a motion for summary judgment at a status conference after completing fact discovery.

h. What are the relevant factual and legal issues?

For the Plaintiff:

1. Whether the United States breached the contract with Tri-Gems Builders, Inc., the original contractor?
2. Whether the United States overpaid Tri-Gems for uncompleted work, unsatisfactory work and deficient work?
3. Whether U.S. Air Force's failure to adhere to the contract and exercise proper due diligence in connection with payments to Tri-Gems for unperformed or improperly performed work, resulted in damages to U.S. Fire Insurance Company?
4. Whether Defendant caused U.S. Fire Insurance Company to suffer damages as a result of its breach of contract causing the surety's collateral, i.e. contract funds, to be improperly depleted by making payments to Tri-Gems for unsatisfactory and/or partially completed work?
5. Whether the United States is liable to pay U. S. Fire Insurance for its attorneys' fees?

For the Defendant:

1. Whether the United States Air Force paid Tri-Gems Builders, Inc., the original contractor, appropriate amounts of money as progress payments.
2. Whether U.S. Fire Ins. Co. paid Eastern Electric, the takeover contractor, appropriate amounts of money.
3. Whether the United States owed any duty to the surety such that the United States was obligated to retain certain funds.
4. Whether a surety, who received an assignment by operation of law, can assert a cause of action that a prime contractor, who granted the assignment, could not assert, that is, can a surety allege that the prime contractor received too much money.
5. Whether the United States is liable to pay U.S. Fire attorneys' fees. (<u>See</u> Amended Complaint ¶ 17).

i. What is the likelihood of the settlement? Is alternative dispute resolution contemplated?

The likelihood of settlement is unknown at this time.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on the subject.

The parties anticipate proceeding to trial. An expedited trial is not requested.

The parties believe that most of the witnesses reside in New Jersey. Thus, a location in that state (possibly Trenton) would be appropriate for trial.

k. Are there any special issues regarding electronic case management needs?

The filings are made electronically.

*l.* Is there any other information of which the court should be aware at this time?

There is no other information of which the court should be aware at this time.

Paragraph 5: What is the proposed discovery plan?

The date for making initial disclosures, pursuant to RCFC 26(a), should be set at October 1, 2004.

The time for conducting fact discovery should continue for seven months. During this time, the following depositions should be taken:

1. a representative from Eastern;
2. a representative from Tri-Gems;
3. Government inspectors who had specific knowledge as to payments made to Tri-Gems (Mathew D. Ward, Steven Lyman and Ricardo Rodriguez);
4. the Government auditor;
5. consultants hired by U.S. Fire after the Air Force terminated the contract for default;
6. a representative from U.S. Fire;

7. the Government's contracting officer who issued final decision on April 20, 2003.

The parties respectfully request that the Court schedule a status conference to discuss the case after fact discovery is complete. The parties should be able to assess whether expert testimony is required and what the next step in the litigation should be.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ David C. Dreifus
DAVID C. DREIFUS
26 Columbia Turnpike
Florham Park, NJ 07932
Tele: (973) 514-1414
Fax: (973) 514-5959

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorney for Plaintiff
dated: September 1, 2004

Attorneys for Defendant
dated: September 1, 2004