IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 03-2811C<br>(Judge Horn) |

DEFENDANT'S ANSWER

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegation contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. The allegation contained in paragraph 3 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

4. The allegation contained in paragraph 4 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

5. Denies the allegation contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. Admits.

7. Admits the allegation contained in the first sentence of paragraph 7 that Tri-Gems submitted a bid in response to the

solicitation for this project. Admits the remaining allegations contained in paragraph 7 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegation contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 that defendant "paid Tri-Gems numerous payments for work invoices submitted by Tri-Gems." Denies the allegations contained in the second sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 that on February 24, 1999, the U.S. Air Force terminated the contract for default. Denies the allegation contained in paragraph 11 that the Air Force "called upon U.S. Fire Insurance Company to complete the project;" avers that the Air Force provided United States Fire Ins. Co. with a copy of the termination for default final decision. Admits the allegation contained in the second sentence of paragraph 11 that, as of February 24, 1999, the U.S.

Air Force "had paid Tri-Gems $1,285,429.39;" further avers that as of February 24, 1999, the United States Air Force had actually paid Tri-Gems $1,346,658.51.

12. Admits the allegation contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 12; avers that Mr. Lyman’s letter did not accurately reflect the work that remained to be completed or to be repaired.

13. Denies the allegation contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in the first and second sentences of paragraph 15 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the third sentence of paragraph 15 that the United States "acknowledged that less than the amount then paid had been completed."

16. Denies.

17. Denies the allegation contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18. Denies.

19. Admits the allegation contained in paragraph 19 that the contracting officer issued a final decision on April 30, 2003; otherwise, denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute plaintiff's characterization of its case and conclusions of law

to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

25. Denies.

26. The allegations contained in paragraph 26 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Denies each and every allegation not previously admitted or otherwise qualified.

**WHEREFORE**, defendant respectfully requests that the Court enter judgment in its favor, order the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

COL. DAVID BELL
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard, Suite 606
Arlington, VA 22209-2403

September 3, 2004