# In The United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **UNITED STATES FIRE INSURANCE CO.** | * | |
| **Plaintiff,** | * | **No. 03-2811C** |
| | * | **Filed: September 9, 2004** |
| **v.** | * | |
| **UNITED STATES,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**O R D E R**

The court conducted a status conference in the above captioned case on September 8, 2004. The court established the following schedule. Discovery will close on or before **Friday, April 29, 2005**. The parties shall file a joint status report on or before **Friday, January 14, 2005**, and also on or before **Friday, April 29, 2005**, discussing their settlement efforts, the status of discovery and all other pertinent matters. The court, hereby, **SCHEDULES** a status conference for **Friday, May 6, 2005, at 10:30 a.m.**, at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. Counsel for the defendant will appear in person. The courtroom number will be posted on the day of the status conference. Plaintiff's counsel may appear by telephone. Unless otherwise notified, plaintiff's counsel will be contacted at (973) 514-1414. The parties shall be prepared to discuss all pertinent issues.

Unless the case has sooner settled, the court, hereby, **SCHEDULES** a trial to begin on **Monday, October 24, 2005, at 9:30 a.m.**, at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. The trial will continue on successive days until all relevant evidence has been taken. The Appendix A filings detailed in the Rules of the United States Court of Federal Claims (RCFC), as modified below, are due to be filed with the court on or before **Monday, October 3, 2005, at 12:00 p.m.** The parties shall provide a courtesy copy of their Appendix A materials to chambers via facsimile number (202) 219-9543. In accordance with the Rules of the United States Court of Federal Claims, the filings with the court are to include:

a. <u>Witness List</u>. Each party shall file a separate statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As

to each witness, the party shall indicate the specific topics to be addressed in the expected testimony and the time needed for direct examination.

b. Joint Trial Exhibit List. The parties are to file a joint trial exhibit divided into five sections.

i. Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed;

ii. Plaintiffs' exhibits, to be numbered starting with 100-199, or 1000-1999, the number sequence to begin following the completion of the sequence of numbers utilized for the joint exhibits;

iii. Defendant's exhibits, to be numbered 200-299 or 2000-2999, the number sequence to begin following the completion of the sequence of numbers utilized for the plaintiffs' exhibits;

iv. Plaintiffs' objections to defendant's exhibits, including the basis for each objection; and

v. Defendant's objections to plaintiffs' exhibits, including the basis for each objection.

The actual exhibits shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook with all the pages in an exhibit sequentially numbered. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

c. Stipulations. The parties shall file a joint stipulation of facts containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial.

d. Issues of Fact and Law. The parties shall file a joint statement setting forth the issues of fact and the issues of law to be resolved by the court. Issues should be set forth in sufficient detail to enable the court to resolve the case in its entirety by addressing each of the issues listed. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

e. Deposition Testimony. Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

A pretrial status conference is **SCHEDULED** for **Thursday, October 6, 2005, at 10:30 a.m.**, at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. Both attorneys of record shall appear in person. The courtroom number will be posted on the day of the pretrial status conference. The parties shall be prepared to discuss all matters in preparation for the trial commencing on **October 24, 2005**.

**IT IS SO ORDERED.**

s/ MARIAN BLANK HORN
**MARIAN BLANK HORN**
**Judge**