IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2811C<br>(Judge Horn) |

**JOINT STATUS REPORT**

Pursuant to the Court's March 31, 2005 order and in accordance with RCFC 16 and Appendix A to this Court's Rules, the parties respectfully submit the following joint status report.

Discovery is almost complete. U.S. Fire Ins. Co. is requesting additional documents by a date certain. The United States will produce them shortly. With regard to depositions, U.S. Fire Ins. Co. is waiting to be advised of the availability of Sgt. Sean Pederson, who may be in England, and Ms. Diana Bunting. Ms. Bunting is an auditor from Defense Contract Audit Agency and based upon recently disclosed documents and her testimony, U.S. Fire Ins. Co. may also submit a new report from an expert witness in which event the expert may be deposed by the Government as to that new report.

The parties have discussed the possibility of settlement. However, settlement seems unlikely. Therefore, a trial will be necessary to resolve this case.

The case is scheduled for trial beginning October 24, 2005 in Washington, D.C. The parties believe that the trial can be completed in three days. U.S. Fire Ins. Co. suggests that the

parties rely upon deposition testimony as to fact witnesses and call only expert witnesses to testify. The United States does not agree with this proposal because, in part, it did not develop testimony of its own witnesses when they were deposed.

The United States believes that the Court can dispose of some ancillary claims by a motion for summary judgment. In its amended complaint, dated April 8, 2004, U.S. Fire Ins. Co. seeks, among other claims, reimbursement for attorneys' fees, reimbursement for consultant fees, and pre-judgment interest. See Amended Compl., para. 17 & sub-paragraphs b thru d of the Wherefore paragraph.

In discovery, the United States sought information about the basis for these legal theories. U.S. Fire Ins. Co. identified the performance bond, the payment bond, the general indemnity agreement, the completion agreement and the takeover agreement. The United States was not a party to the first three items. The only parties on the performance bond, the payment bond and the general indemnity agreement were the surety and the original contractor, Tri-Gems Builders, Inc. The United States also was not a party to the completion agreement. The parties to that contract were the surety and Eastern Electrical, Inc. Thus, none of these documents can provide any basis for a claim of attorneys' fees or consultants' fees.

The United States was a party to the takeover agreement. The takeover agreement appears as Exhibit B to the April 4, 2004 amended complaint. However, the takeover agreement contains no

promise by the United States to pay attorneys' fees, consultants' fees or pre-judgment interest.

Regarding pre-judgment interest, the Government is liable to pay interest only when the Government expressly waives its sovereign immunity in a contract or statute. 28 U.S.C. § 2516(a); Library of Cong. v. Shaw, 478 U.S. 310, 314-15 (1986); Markey v. United States, 27 Fed. Cl. 615, 622 (1993). Moreover, as this Court has noted, U.S. Fire is pursuing an action based upon equitable subrogation, which is a doctrine not based upon a contract. United States Fire Ins. Co. v. United States, 61 Fed. Cl. 494, 499 (2004). Thus, the Contract Disputes Act, 41 U.S.C. § 611, cannot provide a basis for awarding interest. See Cargo Carriers, Inc. v. United States, 34 Fed. Cl. 634, 645 (1995).

For these reasons, the United States respectfully suggests that the Court cannot award U.S. Fire Ins. Co. compensation for consultants, attorneys or pre-judgment interest.

United States Fire Ins. Co. is considering these issues.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ David C. Dreifus
DAVID C. DREIFUS
26 Columbia Turnpike
Florham Park, NJ 07932
Tele: (973) 514-1414
Fax: (973) 514-5959

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorney for Plaintiff
dated: August 26, 2005

Attorneys for Defendant
dated: August 26, 2005