IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2811C<br>(Judge Horn) |

DEFENDANT’S MOTION FOR LEAVE TO FILE AMENDED ANSWER

Pursuant to Rules 8(a) and 15(c) of the Rules of the United States Court of Federal Claims (“RCFC”), defendant, the United States, respectfully requests leave to file an amended answer to assert an affirmative defense of payment. A copy of our proposed amended answer accompanies this motion.

RCFC 15(a) provides that "[a] party may amend his pleadings once as a matter of course at any time before a response is served. . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In view of the plain language of the Rule, this Court and its predecessor courts have recognized that leave to amend an answer should be liberally granted. See St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153-54 (1994); Johnson v. United States, 15 Cl. Ct. 169, 172 (1988); Cities Service Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14, 543 F.2d 1306, 1313 n. 14 (1976) (considering waiver defense not raised in answer).

Moreover, a party should be allowed to litigate all

substantive issues absent a showing of undue delay, bad faith, or a dilatory motive. Hess v. United States, 210 Ct. Cl. 483, 491-92, 537 F.2d 457, 465 (1976) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)). Justice requires that the Court consider our contention that the U.S. Fire Ins. Co. has already been paid for some of its payments that are the subject of this dispute. If the United States were not permitted to assert the affirmative defense, then the United States may be ordered to pay the same invoice twice. Such a recovery would be an justified windfall for the plaintiff.

Justice also requires that leave to amend the answer be granted because the plaintiff will not suffer any prejudice.

> When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue.

Hassan v. United States Postal Service, 842 F.2d 260, 263 (11th Cir. 1988) (affirming trial court decision to permit Government to introduce evidence of payments from collateral source despite failure to plead an affirmative defense). See also Giles v. General Electric Co., 245 F.3d 474, 494 (5th Cir. 2001)("a court may excuse a violation of rule 8(c) in the absence of prejudice to the other party.")

The United States has recently learned that U.S. Fire Ins.

Co. collected money from third parties that relates to its expenditures pursuant to the performance bond in this case. A company called Billows Electric Supply Co. instituted a lawsuit in the United States District Court for the District of New Jersey, 97cv5199(SMO), against Tri-Gems Builders, Inc. and U.S. Fire Ins. Co. In that action, U.S. Fire Ins. Co. instituted a cross-complaint and a third-party complaint against Tri-Gems and the individual indemnitors of Tri-Gems. U.S. Fire Ins. Co. sought not only reimbursement for the debt allegedly owed to Billows but also compensation for money it expected to pay because Tri-Gems did not complete performance of the contract with the Air Force. On various dates, Tri-Gems and its individual indemnitors filed for bankruptcy. The individual indemnitors paid some money to U.S. Fire to settle the claims that U.S. Fire Ins. Co. was asserting against them.

U.S. Fire Ins. Co. provided documents from the case involving Billows and the bankruptcy proceedings to the Government on August 23, 2005. By filing this motion less than 30 days after receiving the information, the United States has acted diligently.

U.S. Fire Ins. Co. has collected some money to offset the amount of money it paid to fulfill its obligations under the performance bond. U.S. Fire Ins. Co. should not be permitted to receive a double payment.

Accordingly, for the foregoing reasons, we respectfully request that the Court grant our motion for leave to file an amended answer and to accept for filing the accompanying amended answer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

Of Counsel:

CHRISTOPHER COLE
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard, Suite 606
Arlington, VA 22209-2403

s/ Christian J. Moran
CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6299
Fax: (202) 514-7969

September 16, 2005

Attorneys for Defendant