IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2811C<br>(Judge Horn) |

JOINT STATEMENT OF ISSUES OF FACT AND LAW

Pursuant to the Court's order dated May 19, 2005, the parties respectfully submit the following joint statement of issues of fact and law:

<u>For the Plaintiff</u>:

[This list does not include the law of the case from the Court's decision on the Government's motion to dismiss].

1. Whether the United States properly adhered to the contract with Tri-Gems Builders, Inc., the original contractor, with respect to payment?

2. Whether the United States overpaid Tri-Gems for uncompleted work, unsatisfactory work and/or deficient work?

3. To what extent U.S. Air Force's failure to adhere to the contract and exercise proper due diligence in connection with payments to Tri-Gems for unperformed or improperly performed work, resulted in damages to U.S. Fire Insurance Company?

4. To what extent Defendant caused U.S. Fire Insurance Company to suffer damages as a result of its breach of the contract terms as to payment, causing the surety's collateral,

i.e. contract funds, to be improperly depleted by making payments to Tri-Gems for unsatisfactory and/or partially completed work?

5. Whether the damage was caused to the surety at the time it received bids since the bidders were provided with the available information as to status of the project, including the first Lyman report?

6. Whether statements by Steve Lyman and/or Donald Bruce, the contracting officer, constitute admissions against the Government:

7. Whether the United States is liable to pay U.S. Fire Insurance interest?

For the Defendant:

8. Whether the United States owed any duty to the surety such that the United States was obligated to retain certain funds.

9. Whether a surety, who received an assignment by operation of law, can assert a cause of action that a prime contractor, who granted the assignment, could not assert, that is, can a surety allege that the prime contractor received too much money.

10. Whether FAR 52.246-12, which authorizes the Government to inspect work being performed pursuant to the contract, creates any rights in third parties that can be asserted against the Government.

11. Whether the modifications to the original contract harmed the surety when the Government paid the surety the funds remaining on the contract, including the modifications.

12. Whether the United States Air Force paid Tri-Gems Builders, Inc., the original contractor, a reasonable amount of money as progress payments.

13. Whether U.S. Fire Ins. Co. took reasonable efforts to define the scope of the work to be performed by the replacement contractor, Eastern Electric.

14. Whether U.S. Fire Ins. Co. took reasonable efforts to monitor the work to be performed by the replacement contractor, Eastern Electric.

15. If U.S. Fire Ins. Co. is entitled to any compensation, whether this compensation must be reduced by the amount of money U.S. Fire Ins. Co. received from third-parties, such as the individuals who promised to indemnify the surety for any losses the surety paid on behalf of Tri-Gems.

16. Whether the United States is liable to pay U.S. Fire attorneys' fees, consulting fees. (See Amended Complaint ¶ 17).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

DAVID C. DREIFUSS
Dreifuss, Bonacci &
Parker, LLP
26 Columbia Turnpike
Florham Park, NJ 07932
Tele: (973) 514-1414
Fax: (973) 514-5959

Attorney for Plaintiff
dated:dated: October 3, 2005