IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2811C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE
PORTIONS OF DEPOSITION TRANSCRIPTS

Pursuant to Rule 32(a) and ¶ 15(b) of Appendix A to the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests leave of this Court to file portions of deposition transcripts for a deposition taken pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). United States Fire Ins. Co. designated Bruce Dickstein, an attorney, to testify on its behalf. The designated portions of the deposition transcripts and the deposition exhibits that are the subject of this motion are appended to this motion.

The admissibility of testimony given at 30(b)(6) depositions is well-established. RCFC 32(a) provides, in relevant part:

> At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition . . . in accordance with any of the following provisions:
>
> * * *
>
> (2) The deposition of . . . a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation . . . which is a party may be used by an adverse party for any purpose.

RCFC 32. Paragraph 15(b) of Appendix A to the RCFC incorporates this provision into the

Court's standard practice for managing trials.[1] In addition, this Court expressly noted that deposition testimony can be admissible. See Order, dated September 9, 2004, ¶ e.

Here, the United States issued a notice of deposition requesting U.S. Fire Ins. Co. to designate a representative to testify about certain topics. This deposition took place on July 21, 2005.

The United States designates the following passages[2]:

| **Passages from 30(b)(6) deposition, July 21, 2005** | | |
|---|---|---|
| start | end | summary |
| 1:1 | 6:1 | introduction |
| 6:13 | 7:2 | deposition notice D100 |
| 12:23 | 13:20 | paper copies of documents match computer (electronic) copies |
| 14:8 | 15:16 | witness background |
| 16:7 | 16:13 | selection of corporate representative |
| 16:22 | 18:3 | preparing to testify |
| 25:15 | 28:12 | setting premium under bond |
| 31:3 | 31:16 | due diligence by surety |
| 31:17 | 32:22 | indemnity agreement / deposition exhibit D101 |
| 32:24 | 35:11 | performance and payment bond D102 |
| 42:4 | 42:18 | difference between performance bond and payment bond |

[1] Paragraph 15(b) provides: "Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rules of Evidence 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portions of the transcript the party intends to use at trial. See RCFC 32(a)(2) & (3). If the motion is granted, only those portions of the transcript may be filed."

[2] Defendant has attempted to summarize the topics. Our summary, of course, is not evidence and is submitted merely as a convenience to the Court.

| Passages from 30(b)(6) deposition, July 21, 2005 | | |
|---|---|---|
| start | end | summary |
| 43:9 | 43:20 | surety did not monitor performance of Tri-Gems |
| 44:17 | 44:21 | no policies for monitoring |
| 50:11 | 50:25 | claims handling at surety |
| 65:10 | 65:17 | surety attempted to persuade Tri-Gems to perform |
| 67:16 | 68:1 | termination notice, dated February 24, 1998 |
| 69:9 | 71:3 | lawsuit by surety against indemnitors |
| 76:15 | 77:1 | takeover agreement |
| 79:8 | 79:19 | opportunity to walk job |
| 79:20 | 81:6 | role of the Megan Group |
| 81:14 | 82:15 | obtaining completion contractor |
| 88:13 | 88:14 | accuracy of Mr. Lyman's report |
| 89:7 | 89:9 | accuracy of Mr. Lyman's report |
| 93:1 | 93:9 | selecting completion contractor |
| 93:25 | 94:3 | surety identified Eastern |
| 96:12 | 98:1 | surety monitoring completion contractor |
| 98:9 | 99:7 | surety paying completion contractor |
| 99:14 | 104:19 | monitoring and paying Eastern |
| 107:1 | 108:2 | need for surety to complete all work |
| 125:23 | 126:16 | Eastern's costs |
| 126:17 | 130:8 | explaining claim for increased costs |
| 132:8 | 133:24 | Department of Labor |

CONCLUSION

For the foregoing reasons, defendant's motion for leave to file designated portions of the deposition transcripts and the deposition exhibits described above should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

CHRISTOPHER COLE
Attorney
Department of the Air Force
AFSLA/JACN
1501 Wilson Boulevard,
Suite 606
Arlington, VA 22209-2403

October 3, 2005