# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 03-2811C<br>(Judge Horn) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE PORTIONS OF DEPOSITION TRANSCRIPTS

Pursuant to Rule 32(a) and 15(b) of Appendix A to the Rules of the Federal Court of Claims, Plaintiff, United States Fire Insurance Company (hereinafter "U.S. Fire") objects to Defendant's request to admit certain portions of Bruce Dickstein's deposition testimony. Bruce Dickstein was produced by U.S. Fire as its representative in this matter.

U.S. Fire objects to Defendant's motion on the basis that Defendant has failed to show cause as to why the deposition testimony of Bruce Dickstein should be admitted. Rule 32(a) of the RCFC governs the use of depositions in court proceedings and states:

> **Rule 32. Use of Depositions in Court Proceeding.**
>
> (a) **Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as through the witness were then present and testifying, may be used against any party who was present or represented at the taking of the depositions or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> **(1)** Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent

> as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
>
> **(2)** The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) or 31 (1) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

However**, Paragraph 15(b) of Appendix A** to the RCFC states:

> (b) Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rule of Evidence 801 (d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall **show cause** why the deposition testimony should be admitted and identify specifically the portions of the transcript(s) the party intends to use at trial. See RCFC 32 (a)(2) & (3). If the motion is granted, only those portions of the transcript may be filed.

Defendant has failed to state the basis for admitting the deposition testimony of Bruce Dickstein in its motion. No cause has been provided by the Defendant explaining what the purpose for admitting the testimony is. Mr. Dickstein will be called to testify at trial. He can then be cross-examined and any transcript can be utilized to impeach his testimony if Defendant believes that appropriate. Due to the fact that Defendant has not satisfied the requirements as set forth in paragraph 15(b) of Appendix A, Plaintiff respectfully requests that Defendant's motion be denied at least until Defendant shows cause as to why the deposition testimony should be admitted.

In addition, certain of the proposed portions of the transcript are misleading since the proposed testimony on a subject is incomplete. For example, 43:9- 43:20 does not discuss the topic in its entirety; the topic is fully discussed until 44:16. The Takeover Agreement is not fully covered by 76:15-77:1; the topic is fully discussed until 79:6. The

accuracy of Lyman's report from 88:13- 88:14 merely references the question posed by Defendant's counsel. The entire topic is discussed from 88:13 to 89:9. These are only a few examples and Plaintiff's position is that if any of Mr. Dickstein's testimony is to be admitted into the record that it be a fair and accurate representation of the topic being discussed and not just excerpts that manipulate the subject matter.

Although Defendant has identified various portions of Bruce Dickstein's deposition testimony to be admitted in its motion, Plaintiff objects to Defendant's summarization of the testimony. Plaintiff is aware that Defendant created the summaries as a convenience to the court, however Plaintiff objects to the language of the summaries and respectfully requests that the Court either disregard or delete the summaries. For example, Plaintiff objects to the following summaries:

| | |
|---|---|
| **43:9- 43:20** | Surety did not monitor performance of Tri-Gems |

Defendant is taking Mr. Dickstein's deposition testimony entirely out of context. Mr. Dickstein was merely explaining what the policy and procedures for the surety were.

| | |
|---|---|
| **65:10-65:17** | Surety attempted to persuade Tri-Gems to perform |

Mr. Dickstein stated that he did not recall. The language of Defendant's summarization is again inaccurate and the testimony has been taken out of context.

| | |
|---|---|
| **107:1-108:2** | Need for surety to complete all work |

Mr. Dickstein stated that he "doesn't know the answer" and even though he provided some background he stated again at the end of his response that it was information that was never made available to him.

The summarizations Defendant has provided are inaccurate and misleading and therefore Plaintiff objects to the use of these summaries with respect to admitting portions of Bruce Dickstein's deposition testimony.

Based upon the foregoing, it is respectfully submitted that the Defendant's summaries of the deposition testimony be disregarded or deleted by the Court and that Defendant's motion for leave to file portions of the deposition transcript does not comply with the standards as set forth in Rule 32(a) and 15(b) of Appendix A of the RCFC and therefore Defendant's motion should be denied.

Respectfully,

DREIFUSS BONACCI & PARKER
Attorneys for Plaintiff

By:____________________________
DAVID C. DREIFUSS