IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2811C<br>(Judge Horn) |

SECOND SUPPLEMENTAL JOINT STIPULATIONS OF FACT

Pursuant to the Court's order dated May 19, 2005, the parties respectfully submit the following joint stipulation of fact:

**Negotiation Of Takeover Agreement**

1. On May 23, 2000, the contracting officer, Ms. Kathleen DeMito, sent a letter to United States Fire Ins. Co. In this letter, Ms. DeMito, among other things, demanded that United States Fire Ins. Co. fulfill its obligations pursuant to the performance bond. DX 271.

2. On September 8, 2000, Ms. DeMito sent a proposed takeover agreement to United States Fire Ins. Co. PX 163.

3. On September 19, 2000, Ms. DeMito sent a revised proposed takeover agreement to United States Fire Ins. Co.[1]

4. On October 20, 2000, Mr. David Dreifuss sent a letter to the Air Force that proposed certain changes to the takeover agreement. DX 312.

[1] The document supporting this fact was not included on any exhibit list.

5. On December 18, 2000, Ms. Denise McLane, an attorney employed by the Air Force at McGuire Air Force Base, sent Mr. Dreifuss a letter memorializing certain changes that were discussed by telephone. DX 313.

6. Also on December 18, 2000, Mr. Dreifuss sent a letter to Ms. McLane accepting those changes. DX 314.

7. On January 19, 2001, Mr. Dreifuss sent to Ms. DeMito a letter enclosing another version of the takeover agreement. PX 165.

8. Following these negotiations, United States Fire Ins. Co. and the Air Force signed the takeover agreement on January 30, 2001. JX 56.

9. The parties stipulate that the takeover agreement was drafted jointly.

10. On March 20, 2001, United States Fire Ins. Co. and the Air Force modified the original contract, which was initially between the Air Force and Tri-Gems, to incorporate the takeover agreement. JX 57.

**Testimony of Edward Baker**

11. In 2003, Mr. Baker was working as a contracting officer at McGuire Air Force Base. In that capacity, he was responsible for issuing a final decision upon a certified claim submitted by United States Fire Ins. Co.

12. In a decision dated April 30, 2003, Mr. Baker issued a final decision that denied the claim presented by United States Fire Ins. Co. JX 58.[2]

13. United States Fire Ins. Co. deposed Mr. Baker on September 29, 2005. During his deposition, Mr. Baker did not recall the basis for many of his statements in his April 30, 2003 letter.

14. In light of Mr. Baker's deposition testimony, United States Fire Ins. Co. and the United States believe that his testimony is unlikely to assist the Court in resolving the issues in this case.

**Qualifications of Mr. Spinelli and Mr. Lyman**

15. The United States stipulates that Mr. Spinelli qualifies as an expert witness in regard to his reports dated November 15, 2002 (PX 174), July 15, 2005 (PX 177) and September 30, 2005 (PX 178).

16. United States Fire Ins. Co. stipuates that Mr. Lyman qualifies as an expert witness in regard to his reports dated May 19, 1998 (DX 257) and December 10, 2004 (DX 286).

[2] The United States believes that because United States Fire Ins. Co. is not presenting a claim based upon the Contract Disputes Act, this document is not relevant. However, the United States does not otherwise contest this document's admissibility.

**Documents**

17. All of the Joint Exhibits, Plaintiff's exhibits and Defendants's exhibits are authentic, other than Plaintiff's exhibit no. 145. For these purposes, authenticity means that the copies that have been Bate stamped are true copies of the original and that neither party will object to a document based upon it being a copy rather than the original.

18. All of the documents contained on the Joint Exhibit List, Plaintiff's Exhibit List and/or Defendant's Exhibit List were contained in the records either of the Government or of United States Fire Insurance Company. This is not a stipulation that they are admissible or that they are not based on hearsay. Likewise, the parties reserve all other objections, such as to relevance and/or foundation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

DAVID C. DREIFUSS
Dreifuss, Bonacci &
Parker, LLP
26 Columbia Turnpike
Florham Park, NJ 07932
Tele: (973) 514-1414
Fax: (973) 514-5959

Attorney for Plaintiff
dated: October 20, 2005